**NOT FOR PUBLICATION**                                                                 **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER SCHWARZ, | : |
| Plaintiff, | : |
| | : Civil Case No. 09-318 (FSH) |
| v. | : |
| | : **ORDER** |
| DANIEL DEWALD, *et al.*, | : |
| | : Date: October 5, 2010 |
| Defendants. | : |

**HOCHBERG, District Judge:**

  This matter having come before the Court upon Plaintiff Christopher Schwarz's Complaint alleging claims under 42 U.S.C. § 1983; and

  it appearing that Plaintiff's claims arise from his June 4, 2008 arrest; and

  it appearing that on December 1, 2009, Plaintiff plead guilty to theft in the fourth degree, the offense for which he was arrested on June 4, 2008; and

  it appearing that Plaintiff's conviction has not been invalidated; and

  it appearing that on September 20, 2010, this Court issued an order requiring the parties to show cause in writing by September 30, 2010 why Plaintiff's Section 1983 claims are cognizable under Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny;[1] and

---

[1] In Heck, the Supreme Court held that:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

it appearing that Plaintiff did not respond to this Court's September 20, 2010 order; and

it appearing that Defendants now seek to dismiss the case for failure to state a cognizable claim;

**IT IS** on this 5th day of October, 2010,

**ORDERED** that Plaintiff's Complaint is dismissed pursuant to Heck v. Humphrey; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**

---

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87; see also Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006).